IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CALVIN S. WEDINGTON, #18915-037     :
         Petitioner

       v.             :     Civil Action No. RDB-11-1324
                                     Criminal No. K-82-086

UNITED STATES OF AMERICA     :
         Respondent

## MEMORANDUM OPINION

On May 16. 2011, Calvin Scott Wedington, a prisoner at FMC - Rochester, Minnesota, filed yet another challenge to his 1982 conviction for murder in criminal case no. K-82-86 (D. Md.). This time, Mr. Wedington alleges, inter alia, that "national security implications at time of trial" preventing his coworkers from testifying on his behalf. ECF No. 1 at 12. He also claims the late Judge Frank Kaufman commuted his sentence from life to 11 years incarceration. *Id.* at 15.

This is not Mr. Wedington's first attempt to challenge his criminal conviction.[1] All of the claims relating to his conviction and continued detention raised in the instant petition either were, or could have been, raised in one or more of Mr. Wedington's prior petitions.

The Anti-Terrorism and Effective Death Penalty Act of 1996, effective April 24, 1996, amended 28 U.S.C. §2255 to provide:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

---

[1]     *See Wedington v. United States*, Civil Action No. K-90-2766 (D. Md. 1990) (§2255 petition); *Wedington v. United States*, Civil Action No. K-91-96 (D. Md. 1991) (§2255 petition), *Wedington v. United States*, Civil Action No. K-92-1181 (D. Md. 1992) (§2255 petition); *Wedington v. United States*, Civil Action No. K-93-1060 (D. Md. 1993) (§2255 petition); *Wedington v. United States*, Civil Action No. S-95-3527 (D. Md. 1995) (§2241 petition); *Wedington v. United States*, Civil Action No. S-98-1748 (D. Md. 1998) (§2241 petition), and *Wedington v. United States*, Civil Action No. RDB-04-783 (D. Md. 2004) (§2255 petition). This list is not exhaustive.

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

As Mr. Wedington previously has sought relief under 28 U.S.C. §2255, this Court is without jurisdiction to consider another such request unless directed to do so by the United States Court of Appeals for the Fourth Circuit. *See* 28 § 2244(b)(3)(A);[2] *see In re Avery W. Vial,* 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). Under these "gatekeeping" amendments, before this Court can undertake substantive review of a claim filed in a second or successive motion to vacate, Mr. Wedington must first obtain an order--from a three-judge panel in the court of appeals--authorizing the district court to consider that second or successive petition. *See* 28 U.S.C. §§ 2244(b)(3)(A) & (B) and 2255.[3] It does not appear that Mr. Wedington has complied with this "gatekeeper" provision. Therefore, his motion to vacate shall be dismissed without prejudice.

The United States Court of Appeals for the Fourth Circuit has set forth instructions to

---

[2]   28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3]   As amended, 28 U.S.C. § 2255 provides that:

A second or successive motion must be certified as provided in §2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this Court has attached hereto a packet of instructions published by the Fourth Circuit which addresses the comprehensive procedure to be followed should Mr. Wedington wish to seek authorization to file a successive § 2255 motion with the appellate court. It is to be emphasized that Mr. Wedington must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Thus, a certificate of appealability shall be denied in the instant case.

For the reasons set forth herein, this Court is without jurisdiction to review the instant § 2255 petition and the motion shall be dismissed without prejudice. A separate Order follows.

MAY 27, 2011
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

3